

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Honorable Faires Wade
County Attorney
Rockwall County
Rockwall, Texas

Dear Sir:

Opinion No. O-3227
Re: Is a constable entitled to
mileage expense when he goes
into a neighboring county and
with the local constable there
serves a warrant of arrest,
approves the bond of the de-
fendant and releases him on
his promise to appear any time
he is given notice by the jus-
tice of the peace or prosecut-
ing attorney in the county in
which charges have been filed?

Your recent request for an opinion of this depart-
ment on the above stated question has been received.

We quote from your letters of February 19 and Feb-
ruary 21, 1941, as follows:

"The local constable has asked me whether or
not he is entitled to mileage expense when he goes
into the neighboring county and with the local
constable there serves a warrant of arrest, ap-
proves the bond of the defendant and releases him
on his promise to appear any time he is given
notice by the justice of the peace or prosecuting
attorney in the county in which charges have been
filed. . . .

". . . . The constable here took a warrant of
arrest into the neighboring county and with the
local officer there made the arrest. The local
constable then approved the bond and released the
defendant who agreed to appear when given notice
to do so by the local officer. The question is

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Faires Wade, Page 2

can the constable here collect mileage for
going and coming in making the arrest and
approving the bond. . . ."

Article 1065, Code of Criminal Procedure, reads
in part as follows:

"The following fees shall be allowed the
sheriff, or other peace officer performing
the same services in misdemeanor cases, to
be taxed against the defendant on conviction:

". . .

"4. For taking and approving each bond,
and returning the same to the court house, when
necessary, one dollar and fifty cents.

". . .

"11. For each mile he may be compelled to
travel in executing criminal process and summon-
ing or attaching witness, seven and one-half
cents. For traveling in the service of process
not otherwise provided for, the sum of seven
and one-half cents for each mile going and re-
turning. If two or more persons are mentioned
in the same writ, or two or more writs in the
same case, he shall charge only for the dis-
tance actually and necessarily traveled in the
same."

It is necessary that we bear in mind that the fee
statutes are strictly construed and fees by implication are
not permitted. It is a very settled principle of law that
a constable, who is compensated on a fee basis, is not en-
titled to any fee at all in a misdemeanor case unless a
conviction is obtained. (Texas Jurisprudence, Vol. 34,
p. 508; McCalla v. City of Rockdale, 246 S. W. 654)

Article 1065, supra, expressly provides fees as
compensation for the particular services enumerated there-
in and unless the particular service is actually performed
the officer is entitled to no fee for such service. The
fees provided therein are allowed only when such services

are actually performed by the officer. Under the facts
stated in your letter it is apparent that the constable
traveled to a neighboring county with a warrant of arrest
and approved the bond of the defendant and released him
on his promise to appear when notified by the justice of
the peace or prosecuting attorney in the county in which
the charge was filed.

This department held in opinion No. 0-1240 that
a constable has legal authority to serve a warrant of
arrest outside the precinct and county of his residence.
A copy of this opinion is enclosed for your information.

In view of the above stated facts and Article
1065, supra, you are respectfully advised that it is the
opinion of this department that the constable is entitled
to One Dollar and Fifty Cents ($1.50) for taking and ap-
proving the bond of the defendant. You are further advised
that the constable is entitled to seven and one-half cents
(7½¢) for each mile he was compelled to travel in execut-
ing the warrant of arrest; all of said fees to be charged
against the defendant upon conviction.

Trusting that the foregoing fully answers your
inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

AW:GO

APPROVED MAR 13, 1941

ATTORNEY GENERAL OF TEXAS

